## 42015. MARTIN et al. v. MARTIN.

(329 SE2d 503)

PER CURIAM.

We granted this domestic relations application to decide whether the April 1970 settlement agreement which was incorporated into the parties' divorce decree contemplated lump sum child support for the four children, as contended by the wife, or an allocated amount for each child which would be reduced as each child became emancipated, as contended by the husband. The trial court found in favor of the husband, and we granted the wife's application to appeal.

The provision in question states: "The Husband shall pay to the Wife the sum of Two Hundred Dollars ($200.00) per month for the maintenance and support of said [4] minor children, including the one now expected [in October 1970], said payments to be paid $100.00 on the 10th and 25th days of each month, beginning May 10, 1970, and continuing each month thereafter until said children reach majority, or die or marry before said age."

We reverse. The agreement between the parties clearly provides for a lump sum payment. *Lowe v. Lowe*, 243 Ga. 398, 399 (254 SE2d 323) (1979); *Arnold v. Arnold*, 236 Ga. 594, 595 (225 SE2d 30) (1976); OCGA § 19-6-15. Parol evidence as to the intention of the parties may not be considered so as to modify an unambiguous obligation to pay child support.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 22, 1985.

*George, Rogers & Buice, Wayne Rogers*, for appellants.
*George D Lawrence*, for appellee.