S90A1035. WALKER v. WALKER.
(396 SE2d 235)

WELTNER, Justice.

The wife was awarded child support as a part of a divorce decree entered in 1985. In August 1989, she filed against the former husband a petition to modify the provisions for child support, specifically asking that the court direct the former husband to make support payments according to the guidelines set out in OCGA § 19-6-15 (b). The trial court granted the former husband's motion to strike the request, holding that the guidelines can apply only to modifications of awards that are entered *after* the effective date of the Act, July 1, 1989. The trial court considered the guidelines as a substantive change in law that might not be applied retroactively, citing *Polito v. Holland*, 258 Ga. 54 (365 SE2d 273) (1988). We granted the former wife's application for a discretionary appeal.

1. (a) OCGA § 19-6-15 (b) provides in part:

These guidelines are intended by the General Assembly to be guidelines only and any court so applying these guidelines shall not abrogate its responsibility in making the final determination of child support based on the evidence presented to it at the time of trial.

(b) Under the terms of the statute, the finder of fact is free to apply the guidelines, or to fix child support on the basis of appropriate factors other than those reflected in the guidelines. The trial court's duty is to allocate resources based upon need and ability to pay. OCGA § 19-6-1 (c). That duty is unchanged by the new statute.

2. The statute creates no new duty on the part of the former husband. Neither does it alter his continuing obligation, which is to provide adequate child support. At the most, the statute offers a computational reference, which the finder of fact may apply if it chooses.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 4, 1990.

*Hurt, Richardson, Garner, Todd & Cadenhead, Emily S. Bair, Steven H. Koval,* for appellant.

*Weinstock & Scavo, John P. Wilson III, Michael J. Zenner,* for appellee.

*William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General,* amicus curiae.