## S91A1085. ARRINGTON v. ARRINGTON.
(407 SE2d 758)

HUNT, Justice.

We granted the former husband's application for discretionary appeal to review the child support award in this case. The former husband argues the trial court improperly converted a lump-sum property settlement into a child support order. The effect of the trial court's order regarding the division of the marital home is disputed.[1] Nonetheless, a lump sum award of child support is authorized. *Fricks v. Fricks,* 215 Ga. 137, 140 (2) (109 SE2d 596) (1959); see generally OCGA § 19-6-15 (a); *Martin v. Martin,* 254 Ga. 376 (329 SE2d 503) (1985). The trial court, however, is not bound by an agreement between the parties regarding child support nor is its obligation satisfied by simply adopting that agreement. The trial court is obligated to consider whether such support is sufficient based on the children's needs, and the parent's ability to pay. *McClain v. McClain,* 237 Ga. 80, 83 (5) (227 SE2d 5) (1976); *Walker v. Walker,* 260 Ga. 442 (396 SE2d 235) (1990). When, as in this case, the existence of and the terms of the agreement are disputed and the sufficiency of child support is called into question, the record should reflect the trial court's comparison of need and ability to pay and it should reflect an award that is consistent with that comparison. Since it is not apparent from this record that the trial court considered those factors, this case is remanded for that purpose.

*Judgment vacated and remanded. All the Justices concur. Smith, P. J., disqualified.*

DECIDED SEPTEMBER 6, 1991.

*Waddell, Emerson, George & Buice, E. Angela Emerson,* for appellant.

---

[1] The division was to reflect the court's perception of an agreement between the parties as to child support, as stated during a non-jury hearing on temporary issues. Following that hearing the husband quit-claimed his interest in the house to the wife. The wife now asserts the husband retained his interest in that property and the court's final order appears to confirm that position.