S96A0183. ROBERTSON v. ROBERTSON.
(467 SE2d 556)

HUNSTEIN, Justice.

Hazel and Thomas Robertson, appellant and appellee respectively, were divorced pursuant to a consent final judgment and decree entered February 27, 1990. Appellant was awarded custody of the parties' two minor children and appellee was ordered to pay child support in the amount of $1,250 per month. On June 24, 1994 appellee filed a petition for modification of child support; appellant answered and moved that appellee be held in contempt based on an arrearage in past child support payments in an amount to be deter-

---

[9] See *Hardin Constr.*, 265 at 772 (limiting discovery to affirmative defenses to confirmation of the arbitration award).

mined.[1] Appellee amended his modification petition, attaching thereto a "compromise agreement" dated November 22, 1993 and signed by the parties, which purported to compromise appellee's arrearage as of that date at $12,500 and, following an initial payment of $3,000, to reduce for the next succeeding six months the amount payable by appellee to $800 per month, of which $400 would be applied toward the arrearage and $400 toward current support. Thereafter, under the terms of the agreement, appellee's original support obligations would be reinstated.[2] Appellee petitioned that the agreement be made the order of the court or, in the alternative, that the court determine that the arrearage as of November 22, 1993 was only $12,500. At the hearing, the parties stipulated that since the execution of the agreement, appellee had paid only $12,387.95, including the $3,000 and the court admitted, without objection from appellee, a summary of payments made by appellee showing his total arrearage at $79,215.55, including accrued interest and $4,704.91 in medical payments arrearage. The purported compromise agreement was admitted into evidence over appellant's objection for the limited purpose of mitigating the wilfulness of appellee's contempt.[3] Following a bench trial, the trial court entered an order finding that although appellee was in arrears, his failure to pay was not wilful and that he should not therefore be held in wilful contempt. The court determined that the amount of the arrearage was only $23,612.05[4] which appellee was ordered to eradicate by monthly payments of $200. His child support obligation was reduced to $466.67 per month. In calculating the

---

[1] Appellant's answer alleged that appellee was then in arrears in an amount equal to "at least $32,000." The record shows that appellee was held in wilful contempt of the February 1990 decree in the amount of $12,510.32 by order dated December 20, 1990 and that on January 31, 1991, appellee was ordered jailed until he should purge himself by payment of the arrearage. At the time of the hearing on his modification petition, appellee testified that he was then in jail, but that he had been in another state the preceding week, following his divorce from a subsequent wife; he testified that he had made no payments on the child support arrearage until the execution of an alleged compromise agreement.

[2] Appellant contended at the hearing that she had executed the agreement under duress.

[3] The transcript of the hearing indicates that the court never regarded the agreement effective for any purpose. At the time the agreement was introduced, the trial court responded to remarks of appellant's counsel as follows: "[Y]ou're right, you cannot through this agreement modify an order of the Court." Subsequently, during cross-examination of appellee, the trial court stated, "[t]he Court is not going to give any consideration to the agreement that is marked, what —," in response to which, appellant's counsel replied, "Plaintiff's Exhibit No. 1." The trial court then reiterated, "You cannot amend a judicial document without a Judge's signature. . . . [T]here is nothing that this Court is going to accept. I am only going to deal with judicial decrees, period." Plaintiff's Exhibit No. 1 is the February 27, 1990 divorce decree; the purported compromise agreement was Plaintiff's Exhibit No. 16. From the context of the colloquy, it appears that appellant's counsel was mistaken in his reference to the exhibit number and that the trial court was fully aware that it could not consider the agreement as a modification of the decree.

[4] The order states that in arriving at this amount the trial court did not include interest.

amount of the arrearage, the trial court stated that it had considered, inter alia, the parties' intent, as evidenced by their oral communications and written documents, to compromise the amount of the arrearage. This appeal follows our grant of petitioner Hazel Robertson's application seeking discretionary review of the trial court's order.

1. Appellant contends that the trial court, in calculating the amount of arrearage in child support owed by appellee, improperly considered evidence of a "compromise" by the parties of appellee's child support obligation. We agree.

It is well-settled that a modification action under OCGA § 19-6-19 is the sole means by which a child support award included in a divorce decree may be modified. While the parties are free to enter into an agreement purporting to modify the child support obligation (OCGA § 19-6-15 (a)), that agreement becomes enforceable only when incorporated in an order of the court pursuant to OCGA § 19-6-19. *Pearson v. Pearson*, 265 Ga. 100 (454 SE2d 124) (1995); *Foster v. Foster*, 260 Ga. 813 (2) (400 SE2d 629) (1991). It is equally well-established that an order modifying child support may operate only prospectively. *Jarrett v. Jarrett*, 259 Ga. 560 (1) (385 SE2d 279) (1989). The purported compromise agreement was admitted, over appellant's objection, for the limited purpose of showing that appellee's contempt was not wilful. Pretermitting any issue concerning the validity of the agreement itself and whether the agreement was properly admitted for the stated purpose, it was error for the trial court to consider, in arriving at the amount of appellee's arrearage, evidence of the parties' intent to compromise appellee's support obligations under the final decree. Because a reduction in the amount of the arrearage, based on the alleged agreement of the parties, would constitute a retroactive modification of the final judgment and decree and could not be sustained, it follows that a reduction based on an expression of the parties' intent to reduce the arrearage is equally unsupportable. Accordingly, we reverse the judgment of the trial court and remand for redetermination of the amount of appellee's arrearage without consideration of any intent by the parties to compromise the same.

2. Appellant's remaining enumerations of error are without merit. *Judgment reversed. All the Justices concur.*

DECIDED MARCH 11, 1996 —
RECONSIDERATION DENIED MARCH 28, 1996.

*Douglas H. Pike,* for appellant.
Thomas James Robertson, *pro se.*