S97A0686. HOODENPYL v. REASON.
(485 SE2d 750)

FLETCHER, Presiding Justice.

We granted Sheila Hoodenpyl's application to appeal to consider whether OCGA § 19-6-15 authorizes a trial court to calculate the amount of child support owed based on all the children of a party, rather than the children for whom support is being determined. Because *Ehlers v. Ehlers*[1] made clear that in determining child support the trial court must calculate the initial percentage of gross

---

[1] 264 Ga. 668 (449 SE2d 840) (1994).

income based only on the children for whom it is determining support, and the court below failed to follow *Ehlers*, we reverse.

Hoodenpyl and Raymond Reason were formerly husband and wife. When they divorced in 1990 Hoodenpyl received custody of the couple's two children and Reason was ordered to pay child support. In February 1996, Hoodenpyl sought an upward modification of child support for the two children based on a change in circumstances. The trial court granted the upward modification, but calculated the guideline percentage of gross income based on three children because Reason subsequently had another child with his second wife. Having calculated the amount of gross income to be used for support, the court then divided that amount on a pro rata basis and made an award of two-thirds of the total to Hoodenpyl's two children.

1. We previously considered this same issue in *Ehlers*.[2] There, this Court held that "[t]he guideline percentage of child support found in OCGA § 19-6-15 (b) cannot be based upon the total number of children the obligor must support."[3] In *Ehlers*, this Court made clear that the statute requires that the guideline calculation be based only on the number of children for whom child support is being determined.[4] Therefore, the trial court erred in concluding that the applicable percentage of income was the percentage applicable for three children rather than the two children for whom the court was determining support.

2. Once the guideline percentage is determined, the trial court may vary the range upon a written finding that the presence of one or more enumerated special circumstances makes the presumptive amount of support excessive or inadequate.[5] One of the enumerated circumstances is a party's support obligations to another household.[6] The mere fact of additional children, however, will not justify a reduction in the guideline range. The essential question is whether this additional support obligation renders the presumptive amount of support excessive. The trial court may answer this question only by examining all the relevant circumstances, including the sources of support for the new household. By considering not only the fact of additional children, but also the circumstances relevant to the support needs of those children, the trial court will be able to make a determination of support that best balances the children's needs and the parent's ability to pay.[7]

---

[2] 264 Ga. at 668.
[3] Id. at 670-671.
[4] Id. at 670.
[5] OCGA § 19-6-15 (c) (1991 and 1996 Supp.).
[6] Id. at (c) (6).
[7] See *Arrington v. Arrington*, 261 Ga. 547 (407 SE2d 758) (1991).

*Judgment reversed and case remanded for further proceedings consistent with this opinion. All the Justices concur.*

DECIDED MAY 5, 1997.

*Clifton M. Patty, Jr.,* for appellant.
*Ronald C. Goulart,* for appellee.