## S04F0432. ELEAZER v. ELEAZER.
(596 SE2d 577)

THOMPSON, Justice.

This case is before the Court from the grant of discretionary review of a portion of a final judgment and decree of divorce which required appellant husband to pay $1,562.50 per month as support for the two children of the marriage.[1] Wife appeals, asserting that the

---

[1] The case has made several appearances in this Court. In prior proceedings, we vacated the child support portion of the parties' divorce decree because the trial court failed to include the required findings of special circumstances. *Eleazer v. Eleazer*, 275 Ga. 482 (569 SE2d 521) (2002). The Court directed the trial court to enter an order on child support consistent with OCGA § 19-6-15. Id. On remand, the case was assigned to a new judge, who

award was based on an improper application of Georgia's Child Support Guidelines, OCGA § 19-6-15. Finding no error, we affirm.

The trial court made written findings as follows: Husband's annual gross income was $118,560, or $9,880 monthly, and wife had no income at the time of trial. The court further noted that the presumptive award of child support for two children ranged between 23 to 28 percent of the obligor's gross income under OCGA § 19-6-15 (b) (5). It then applied a mid-range 25 percent of husband's gross income, and calculated a presumptive award of $2,495 per month. But the court also found that a deviation downward from the guidelines was authorized by the presence of the following special circumstances: (1) husband's $400 monthly child support obligation for another child (OCGA § 19-6-15 (c) (6)); (2) husband's gross annual income substantially exceeds $75,000 (OCGA § 19-6-15 (c) (11) (B)); (3) husband must pay the cost of accident and health insurance for the children of the parties, as well as one-half of those expenses not covered by insurance (OCGA § 19-6-15 (c) (16)); and (4) husband would incur extraordinary expenses in traveling from Virginia to Georgia to exercise visitation with the children (OCGA § 19-6-15 (c) (17)). On those bases, the trial court found that the presumptive award under OCGA § 19-6-15 (b) (5) would be excessive and unjust, and it awarded child support payments of $1,562.50 per month. The court arrived at that amount by calculating 25 percent of $75,000, and dividing that figure by 12 months.

1. Wife asserts the trial court erred in basing its award on a gross annual income equal to $75,000.

Following the procedures set forth in *Esser v. Esser*, 277 Ga. 97 (586 SE2d 627) (2003), the final order specified "in what amount and in what manner the children are to receive support and provide[d] specific written findings of the gross income of the parents and the presence or absence of special circumstances authorizing a deviation, if any, from the guideline percentages." Accord *Eleazer*, supra; *Urquhart v. Urquhart*, 272 Ga. 548 (2) (533 SE2d 80) (2000); *Ehlers v. Ehlers*, 264 Ga. 668 (1) (449 SE2d 840) (1994).

Husband's income in excess of $75,000 was but one of the special circumstances which the court considered and which warranted a downward deviation. The trial court's order did not suggest, nor do we, that it was bound by that figure. In defining the "[u]nusually high income of either party or both parties . . . as individual gross

---

granted a new trial on all issues. We granted wife's application for interlocutory review and remanded the case again with an order that the trial court review the record of the divorce trial, determine whether special circumstances exist, and enter an order consistent with OCGA § 19-6-15. The trial court did so, and the case is now before the Court on review of that order.

income of over $75,000 per annum," the legislature simply provided a guideline. OCGA § 19-6-15 (c) (11) (B). When appropriate, child support could be based on a figure in excess of $75,000, if the obligor has such earnings, and the circumstances dictate. Here, the court merely applied the figure of $75,000 because it deemed that an award calculated on that amount was fair based on all the circumstances. We agree.

Contrary to wife's contentions, the findings of other special circumstances were amply supported by the record. Under the circumstances, the trial court complied fully with OCGA § 19-6-15 and with the decisions of this Court interpreting the guidelines.

2. The record belies wife's contention that the court failed to consider the needs of the children and the ability of the obligor to pay when it deviated from the child support guidelines. See *Hoodenpyl v. Reason*, 268 Ga. 10 (2) (485 SE2d 750) (1997); *Arrington v. Arrington*, 261 Ga. 547 (407 SE2d 758) (1991). In determining the amount of child support, the court noted that it had reviewed the entire record of the trial of the case. The transcript of the trial shows that wife was questioned extensively about the needs of the children, and husband testified at length about his financial circumstances and ability to pay support. In addition, the court was authorized to consider the financial affidavits of the parties which were made part of the trial record. By examining all relevant circumstances, the trial court made a determination of support that balances the needs of the children with husband's ability to pay. *Hoodenpyl*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 3, 2004.

*Jean M. Kutner*, for appellant.
*Daryl G. Lecroy*, for appellee.