## A06A0134. GEORGIA DEPARTMENT OF HUMAN RESOURCES
### v. PRATER et al.
(630 SE2d 145)

RUFFIN, Chief Judge.

The Georgia Department of Human Resources ("DHR") petitioned the trial court pursuant to OCGA § 19-11-12 to increase Debbie Prater's child support obligations for her minor child, T. P. Following an evidentiary hearing, the trial court increased the monthly child support payment, but not to the extent recommended by DHR. The trial court also forgave Prater's arrearage of past-due support. DHR filed an application for discretionary appeal, which we granted. For reasons that follow, we affirm in part and reverse in part.

The record contains no transcript of the evidentiary hearing conducted by the trial court. From the scant record before us, it appears that Prater is the noncustodial parent of T. P. In 1996, the trial court entered an order requiring Prater to pay $24.39 per month to support her child. In January 2005, DHR petitioned to increase this amount to $158 per month based on Prater's income and the applicable child support guidelines.[1] DHR also recommended that the trial court require Prater to pay an additional $50 per month to satisfy her past-due support obligations.

After receiving evidence and hearing argument, the trial court nominally increased Prater's support payment to $25 per month. Although this payment represented only 1.3 percent of Prater's gross monthly income — well under the percentage directed by the child support guidelines — the court found that special circumstances existed to deviate from the guidelines. Specifically, the trial court considered Prater's legal obligation to provide support for three other children in computing her support obligation with respect to T. P. In addition, rather than adopting DHR's recommendation regarding past-due support, the trial court explicitly forgave Prater's $3,353.44 child support arrearage. DHR appeals both rulings.

1. DHR claims that the trial court abused its discretion in setting Prater's support obligation at a percentage well below that specified by the child support guidelines. The guidelines, however, direct a *presumptive* amount of child support.[2] Under OCGA § 19-6-15 (b) (5), "[a] written finding or specific finding on the record for the award of child support that the application of the guidelines would be unjust or inappropriate in a particular case shall be sufficient to rebut the presumption." A court may, in its discretion, "vary the amount of support to be paid for any of 18 'special circumstances' listed in the

---

[1] See OCGA § 19-6-15 (b).
[2] See id.

statute."[3] Those circumstances include "[a] party's other support obligations to another household."[4]

In this case, the trial court reviewed "the totality of the circumstances" and concluded that Prater's legal obligation to support three other children required a guideline deviation. We find no error.

As noted by DHR, the existence of other dependents does not automatically result in a child support reduction.[5] "The essential question is whether [the] additional support obligation renders the presumptive amount of support [in this case] excessive."[6] To resolve this question — and determine a support amount that best balances the child's needs and the parent's ability to pay — the trial court must examine "all the relevant circumstances, including the sources of support for the new household."[7]

The record shows that the trial court did not *automatically* deviate from the guidelines here. According to its written order, the trial court made its decision only after reviewing the "totality of the circumstances," as required. And despite DHR's claims to the contrary, the court's written findings on this issue, and with respect to the gross income of the parties and the amount of support awarded, are sufficient.[8]

DHR also contends that the evidence does not support a deviation. But we do not have a transcript of the evidentiary hearing held by the trial court, which apparently was not recorded. DHR's failure to have the hearing recorded and the transcript — or an adequate substitute — submitted to this Court precludes our review of the evidence.[9] Under these circumstances, we must rely " 'upon the presumption in favor of the regularity of all proceedings in a court of competent jurisdiction and assume that the evidence was sufficient to authorize the final judgment entered in the trial court.' "[10] The trial

---

[3] *Dept. of Human Resources v. Sweat*, 276 Ga. 627, 628 (1) (580 SE2d 206) (2003). See also OCGA § 19-6-15 (b) (5) ("These guidelines are intended by the General Assembly to be guidelines only and any court so applying these guidelines shall not abrogate its responsibility in making the final determination of child support based on the evidence presented to it at the time of trial.").

[4] OCGA § 19-6-15 (c) (6).

[5] See *Hoodenpyl v. Reason*, 268 Ga. 10, 11 (2) (485 SE2d 750) (1997).

[6] Id.

[7] Id.

[8] See *Eleazer v. Eleazer*, 277 Ga. 821, 822 (1) (596 SE2d 577) (2004) (written order meets requirements where it "specifie[s] 'in what amount and in what manner the children are to receive support and provide[s] specific written findings of the gross income of the parents and the presence or absence of special circumstances authorizing a deviation, if any, from the guideline percentages' "); OCGA § 19-6-15 (b) (5), (c).

[9] See *Atlanta Public Schools v. Diamond*, 261 Ga. App. 641, 644 (2) (583 SE2d 500) (2003).

[10] Id.

court, therefore, did not err in deviating from the guidelines and setting Prater's support obligation at 1.3 percent of her gross income.

2. We agree with DHR, however, that the trial court lacked authority to forgive Prater's child support arrearage. DHR brought this action pursuant to Section 19-11-12 of the Child Support Recovery Act,[11] which permits DHR to review support orders and recommend adjustments in accordance with the child support guidelines. If DHR proposes an adjustment — as it did in this case — a trier of fact must determine whether to alter the support obligation.[12] Pursuant to OCGA § 19-11-12 (e), the factfinder "may also address the repayment of any arrears accumulated under the existing order."[13]

Prater argues that this language in subsection (e) authorized the trial court's ruling with respect to her accumulated child support arrearage. The trial court, however, did not simply "address the repayment" here. It specifically forgave the debt, requiring no further payment. We recognize that OCGA § 19-11-12 (e) does not explicitly preclude such forgiveness. But the general statutory scheme governing child support provides that "[a]ny payment or installment of support under any child support order is, on and after the date due[,] . . . [n]ot subject to retroactive modification."[14] Thus, "an order modifying child support may operate only prospectively."[15] And a reduction in child support arrearage constitutes an improper, retroactive modification of support obligations.[16]

The legislature's general prohibition against modifying past-due child support guides us here. Although this explicit prohibition does not appear in OCGA § 19-11-12 (e), our rules of statutory construction provide

> that all enactments are to be construed in connection and in harmony with the existing law; and that their meaning and effect will be determined in connection, not only with the common law and the Constitution, but also with reference to other statutes and the decisions of the courts, and that we should look diligently for the intention of the General Assembly, keeping in view the old law, the evil, and the remedy.[17]

---

[11] See OCGA § 19-11-1 et seq.

[12] See OCGA § 19-11-12 (e).

[13] Id.

[14] OCGA § 19-6-17 (e) (3).

[15] *Robertson v. Robertson*, 266 Ga. 516, 518 (1) (467 SE2d 556) (1996). See also *Dept. of Human Resources v. Gould*, 222 Ga. App. 489, 490 (1) (474 SE2d 682) (1996) ("A child support judgment cannot be modified retroactively.").

[16] See *Robertson*, supra.

[17] (Punctuation omitted.) *Dept. of Human Resources v. Siggers*, 219 Ga. App. 1, 3-4 (463 SE2d 544) (1995).

Applying these rules, we find that the General Assembly did not intend to permit forgiveness of past-due child support arrearage, regardless of whether the modification proceeding falls under the general statutory scheme or the Child Support Recovery Act. Undoubtedly, a trial court can modify child support obligations and enter orders regarding repayment of past-due amounts pursuant to OCGA § 19-11-12 (e).[18] But it cannot simply forgive or reduce the past-due amount owed under a valid child support order.[19] Accordingly, the trial court erred by forgiving Prater's past-due support obligations.

*Judgment affirmed in part and reversed in part. Smith, P. J., and Phipps, J., concur.*

DECIDED APRIL 14, 2006.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Mark J. Cicero, Assistant Attorney General*, for appellant.
*Hunton & Williams, Matthew J. Calvert*, for appellees.

---

[18] See OCGA § 19-11-12 (e).

[19] See *Robertson*, supra.