## A06A1273. WEIL v. PASEKA.
### (638 SE2d 833)

ELLINGTON, Judge.

In September 2005, the Superior Court of Cobb County modified a child custody and support order, transferring custody of 13-year-old K. J. from his mother, Renee Weil, to his father, Kelly Paseka. The modification order also provided that Weil could have only supervised visitation with K. J. and required her to pay all of the supervision expenses, in addition to child support and other health care-related expenses. Weil appeals from the modification order,[1] contending the court erred in failing to consider and to make specific findings on the record regarding special circumstances present in this case and in failing to reduce her child support obligation to accommodate for the extra expenses of complying with its order. Weil also challenges the court's finding that she is an unfit mother. For the following reasons, we vacate the court's order and remand this case to the trial court for further proceedings consistent with this opinion.

---

[1] This Court granted Weil's application for discretionary review of the modification order. OCGA § 5-6-35 (a) (2).

The record shows the following undisputed facts. When Weil and Paseka divorced in November 2001, they entered into a settlement agreement wherein Weil received custody of their nine-year-old son, K. J. Under the agreement, Paseka paid child support to Weil and had liberal visitation rights with the child. In September 2002, Weil filed a modification petition asking the court to place certain restrictions on Paseka's visitation with K. J. Paseka filed a counterclaim, asking for physical custody of K. J. In May and June 2005, the court conducted a modification hearing.

Following the hearing, the court issued a written order in which it found that Weil was "unfit" to have custody of or unsupervised visitation with K. J. Based upon this finding, the court gave Paseka sole legal and physical custody of K. J. and restricted Weil to supervised visitation. The order required that at least one visitation per week be supervised by a child psychologist, and required Weil to pay the psychologist's fees for this supervision. The court also required Weil to get Paseka's permission before contacting K. J. or attending any events where the child would be present. The court also ordered Weil to pay 20 percent of her gross income in monthly child support, as well as pay for K. J.'s health insurance and for other expenses associated with her supervised visitation and K. J.'s medical and psychological care. In addition, the court's order stated that no "special circumstances" existed under the state's child support guidelines, OCGA § 19-6-15 (c). Weil appeals from the court's order.

1. Weil contends the trial court erred when it misapplied the statutory child support guidelines, OCGA § 19-6-15. Specifically, Weil argues that the court erred in finding that no "special circumstances" existed in this case under OCGA § 19-6-15 (c), when the court's order also contained specific findings of fact and other provisions that should have been considered "special circumstances" under that statute. She also complains that the court improperly failed to reduce her presumptive support obligation to accommodate these "special circumstances." As explained below, we find the trial court erred in failing to show by the record that it had properly complied with the child support statute and considered whether there were any "special circumstances" present in this case that made Weil's presumptive child support obligation excessive.

Under OCGA § 19-6-15 (a) as it existed at the time of the court's order,[2] in determining the amount of child support to be awarded, the court was required to make a written finding of the gross incomes of both parents. Id. The court then had to multiply the gross income of

---

[2] The Georgia legislature amended OCGA § 19-6-15 in 2005 and again in 2006, but the amendments were not in effect at the time of the court's order in this case.

the obligor (usually the noncustodial parent) by a percentage within a specific statutory range to determine the presumptive amount of child support to be awarded. OCGA § 19-6-15 (b) (5). Once the court determined the presumptive amount of child support, it was required to consider on the record whether any "special circumstances" existed that made this presumptive amount either excessive or inadequate. OCGA § 19-6-15 (a), (c). OCGA § 19-6-15 (c) listed 18 different "special circumstances" that the court was required to consider, including the child's extraordinary medical costs or needs; a parent's own extraordinary needs, such as medical expenses; a parent's "[u]nusually high income . . . of over $75,000.00 per annum"; the cost of health insurance for the child; and "[a]ny other factor which the trier of fact deems to be required by the ends of justice." OCGA § 19-6-15 (c) (2), (10), (11) (B), (16), (18). If the court found that one or more of the eighteen special circumstances were present, it then had to determine whether these circumstances made the presumptive amount of support either excessive or inadequate. OCGA § 19-6-15 (c). If so, the court was required to make a written finding to that effect and was also required to vary the presumptive amount accordingly before arriving at the final award of child support. Id.

In this case, the trial court found that Weil's gross income was $35,544, and Paseka's gross income was $94,000. The court applied the statutory percentage range under OCGA § 19-6-15 (b) (5) to Weil's gross income and found that her presumptive monthly support obligation was $583, or approximately 20 percent of her gross income. In addition to ordering Weil to pay this base amount, the court ordered Weil to pay the entire cost of K. J.'s medical insurance, all of the expenses associated with her supervised visitation, half of K. J.'s unreimbursed medical and psychological treatment expenses, and other expenses. The court also ordered Weil to get psychological treatment as a condition to her exercise of visitation with K. J.

(a) Weil argues that many findings and provisions in the court's order could be considered "special circumstances" under OCGA § 19-6-15 (c),[3] and, therefore, the court's order erroneously stated that no "special circumstances" were present in this case. Weil's argument misses the point, however. OCGA § 19-6-15 (c) only required the court to enter a written finding regarding whether there were "special circumstances" present if the "presence of one or more of the . . . special circumstances [made] the presumptive amount of support either excessive or inadequate." In other words, the trial court was

---

[3] See, e.g., OCGA § 19-6-15 (c) (2) (child's extraordinary medical costs or needs), (c) (11) (B) (parent's unusually high income of over $75,000), (c) (16) (cost of the child's health insurance); see also OCGA § 19-6-15 (c) (18) ("[a]ny other factor which the trier of fact deems to be required by the ends of justice").

not required to identify in its written order every fact that could possibly qualify as a "special circumstance" under OCGA § 19-6-15 (c), as long as that fact did not make the presumptive amount of support unfair. See *Hoodenpyl v. Reason*, 268 Ga. 10, 11 (2) (485 SE2d 750) (1997) (when determining whether certain facts constituted special circumstances that justified a change in the presumptive amount of support, the essential question was whether those facts rendered the presumptive amount excessive). Therefore, the court's failure in this case to identify certain facts and provisions as "special circumstances" under OCGA § 19-6-15 (c) was not error per se.

(b) There is nothing in the record, however, to show that the trial court actually considered whether ordering Weil to pay 20 percent of her gross income each month was excessive or unjust when coupled with Weil's other financial obligations under the order. In fact, the transcript of the court's decision following the modification hearing does not show that the court considered whether there were any "special circumstances" under OCGA § 19-6-15 (c) before it issued its ruling on Weil's child support obligation. Moreover, there is no evidence in the record as to the actual future costs of Weil's additional financial obligations under the order,[4] nor did the court place any limitations on how much Weil would be required to pay toward these expenses. Further, the court made no written findings as to whether Weil had the financial resources to pay these obligations in addition to her $583 monthly child support obligation.[5]

In OCGA § 19-6-15 (b), the legislature made it clear that the presumptive amount of child support was a rebuttable presumption and that the amount *must* be raised or lowered if the evidence showed it was unjust or inappropriate. In fact, the statute specifically stated that the legislature intended the child support guidelines "to be guidelines only and any court so applying these guidelines *shall not*

---

[4] Although Paseka argues that the future medical or psychological expenses were mere possibilities that do not support a finding that the child support award was excessive under the guidelines, he admits that, at the time of the court's order, K. J. had psychological and medical problems that were going to require extensive professional treatment in the future. The trial court also acknowledged this and, in fact, made such treatment mandatory, while stripping Weil of any control over K. J.'s health care. Consequently, the costs of providing K. J.'s health insurance and his medical and psychological treatment were not merely *potential* expenses that might never materialize. Cf. *Moon v. Moon*, 277 Ga. 375, 378 (5) (589 SE2d 76) (2003) (because there was only a mere possibility that, in addition to her monthly child support obligation, the mother would incur medical and counseling expenses for her children in the future, she could not show that the court's order departed from the child support guidelines). Similarly, Weil's obligation to pay all of the expenses of supervised visitation was a certainty, which she could only avoid if she forfeited her right to visitation.

[5] Although Paseka contends that there was evidence at trial that Weil had substantial assets in addition to her $35,544 annual salary, the court's order (which was drafted by Paseka's attorney) includes no such finding.

*abrogate its responsibility* in making the final determination of child support *based on the evidence presented to it at the time of trial.*" (Emphasis supplied.) Id. This provision shows that the legislature intended to prohibit a trial court's rote application of the percentage range in the guidelines by requiring the court to consider all of the evidence presented before setting the parent's final child support obligation, in order to ensure that the obligation is fair and appropriate.

Therefore, under OCGA § 19-6-15, after the trial court determined the presumptive amount of support Weil should pay, but before the trial court set the final amount of her child support obligation, it should have made a finding on the record of the approximate costs of the additional financial obligations it was imposing upon Weil. Once that amount was established, the court should have made an express finding as to whether Weil had the resources to pay for these obligations in addition to her monthly child support payment. Finally, the court should have made an express determination as to whether the additional obligations constituted "special circumstances" that made the presumptive amount of support excessive (or inadequate). Without a record showing that the trial court actually considered all of the relevant evidence and made the requisite determinations under the statute before issuing its child support order, this Court is unable to review whether the court properly applied the statute when calculating the final child support award. See *Ehlers v. Ehlers*, 264 Ga. 668, 669 (1) (449 SE2d 840) (1994) (urging the trial courts to enter specific findings on the record in all child support guideline cases); *Arrington v. Arrington*, 261 Ga. 547 (407 SE2d 758) (1991) (the record should reflect the trial court's comparison of the child's need and the parent's ability to pay and should reflect a child support award that is consistent with that comparison; since it was not apparent from the record that the trial court considered those factors, the Court remanded the case for that purpose).

Therefore, we vacate the court's order and remand this case to the trial court. On remand, the court is directed to consider on the record the issues outlined above, to make an express determination of whether Weil's presumptive child support amount was excessive under the circumstances presented, and, if so, to reduce the presumptive amount accordingly.

2. Weil contends that the court's finding that she is an "unfit" parent was not supported by any evidence and, therefore, must be reversed. Weil correctly argues that a finding that she was unfit was not required to transfer custody of K. J. to Paseka. See OCGA § 19-9-1 (a) (1) (in custody modification actions, "the court, in the exercise of a sound discretion, may look into all the circumstances of the parties,

including improvement of the health of a party seeking a change in custody provisions, and, after hearing both parties, may make a different disposition of the children").

On appeal, however, Weil does not contend that the court improperly transferred custody of K. J. to Paseka, nor does she challenge the restrictions on her visitation. Therefore, pretermitting whether there was any evidence to support the court's finding that Weil was unfit, and even if the court unnecessarily included such a finding in its modification order, Weil has failed to demonstrate that this finding constituted reversible error.

*Judgment vacated and case remanded with direction. Johnson, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 15, 2006.

*Hasty, Pope & Ball, Marion T. Pope, Jr., Warner, Mayoue, Bates & Nolen, Jonathan J. Tuggle, for appellant.*

*Davis, Matthews & Quigley, Elizabeth G. Lindsey, Rebecca L. Crumrine, for appellee.*