**STATE of Alaska, DEPARTMENT OF REVENUE, CHILD SUPPORT ENFORCEMENT DIVISION, ex rel. Karen WALLACE, Appellant,**

v.

**Donald B. DELANEY, Jr., Appellee.**

**No. S–8066.**

Supreme Court of Alaska.

Aug. 7, 1998.

Terisia K. Chleborad, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellant.

No appearance by Appellee.

Before MATTHEWS, C.J., and COMPTON, EASTAUGH, FABE and BRYNER, JJ.

*OPINION*

COMPTON, Justice.

## I. INTRODUCTION

The Child Support Enforcement Division (CSED) appeals a superior court order that reduced Donald Delaney's child support arrearage to a judgment that did not include interest. We conclude that CSED is entitled to collect $6,497.18 in interest from Donald. We reverse and remand with instructions to amend the judgment accordingly.

## II. FACTS AND PROCEEDINGS

In November 1990 Karen Wallace and Donald Delaney were divorced. Pursuant to a Child Custody and Support Order (Support Order) Karen was awarded custody of their only child. The Support Order required Donald to pay $283.33 per month in child support. It provided that if either parent applied to CSED for CSED services, support payments would thereafter be made directly to CSED. The Support Order also stated: "Notice is given that interest will be imposed in accordance with AS 47.23.020 on payments which are 10 or more days overdue or if payment is made by a check backed by insufficient funds." As Karen had already endorsed the Support Order stating that "I hereby apply for the administrative and enforcement services of [CSED]," the court clerk's office promptly mailed a copy of the Support Order and Karen's endorsement to Karen, Donald, and CSED. Donald was living in Washington State, Karen in Anchorage.

On January 30, 1991, CSED sent a letter to Donald informing him that "[t]he payment records in your file establish that your payments toward that support debt are presently owing in the amount of $528.76 including penalty and interest computed to date in accordance with (AS 25.27.020(a)(2)(C)) and interest on any judgment amount." Furthermore, the letter stated that Donald was "hereby notified, pursuant to Alaska Statute 25.27.150, that [he is] liable under said support order ... for current and past due support.... [His] liability under said support order is accruing monthly." CSED sent the letter to Donald's residence in Washington. In February 1992 CSED sent Donald a Child Support Account Audit, which showed that he owed $4,273.13 in past due support and interest.

To collect support from Donald, CSED solicited the help of the Washington Department of Social and Health Services, Office of Support Enforcement (OSE). In October 1996 OSE sent Donald a letter stating that it was no longer enforcing the current support requirement of his child support order. Rather, OSE's letter stated, Donald "must pay a past-due child support debt of $16,-787.13 for the period 1/1/91—9/30/96 (69MO X $283.33) $19,549.77 LESS PD $2,762.64)." On November 25, 1996, Donald signed an OSE Waiver of Statute of Limitations Defense (Waiver) form. The Waiver stated that Donald agreed "with [a] $200/month limitation on amount to be paid each month."

On December 31 CSED moved pursuant to AS 25.27.226 to reduce Donald's child support arrearage to judgment. CSED's supporting memorandum stated: "CSED is entitled to judgment against Donald Delaney in the amount of $23,284.31 for support arrears accrued through December 19, 1996. CSED also requests post judgment interest at the legal rate of 6%, pursuant to AS 25.27.025 and AS 43.05.225(2)(B), and costs incurred in executing on the judgment." In January 1997 Donald responded by letter to CSED's motion, stating:

> I currently am paying on this debt to the Office Of Support Enforcement in Seattle. I am making regular payments of $200.00 per month. I have enclosed the papers that were recently filed here in Seattle. From this point on could you please deal with the Seattle office and in turn they can contact me as to what is going on with my case. I do not feel it is necessary for me to be dealing with both offices.

With his letter to CSED, Donald enclosed a copy of the OSE notice stating that he owed $16,787.13 and the Waiver he signed stating that he would pay $200 per month toward the debt. In its Reply to Defendant's Response to Motion to Reduce Child Support Arrears to Judgment, CSED stated that Washington's enforcement of the support order "does not prevent CSED from reducing arrears to judgment under AS 25.27.226.... Despite

the involvement of the Washington child support agency, Alaska law continues to govern the nature and amount of the support obligation under the Alaska order."

In February 1997 the superior court entered a judgment against Donald for $16,787.13. The judgment did not reflect the interest that CSED calculated that Donald owed on his support arrearage. CSED appeals.

## III. *DISCUSSION*

### A. *Standard of Review*

This appeal involves the interpretation of Alaska's child support statutes. Issues of statutory interpretation are questions of law which we review *de novo. See State v. Valdez,* 941 P.2d 144, 148 (Alaska 1997); *Sauve v. Winfree,* 907 P.2d 7, 9 (Alaska 1995). On questions of law, our duty is "to adopt the rule of law that is most persuasive in light of precedent, reason, and policy." *Guin v. Ha,* 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

### B. *Under Either the Uniform Reciprocal Enforcement of Support Act or the Uniform Interstate Family Support Act, CSED Is Entitled to Collect $6,497.18 in Interest from Donald.*

In 1953 the Alaska Legislature enacted the Uniform Reciprocal Enforcement of Support Act (URESA). *See* former AS 25.25.010—25.25.270 (repealed 1995). This legislation "was intended as a means to improve the enforcement of child support obligations when parents cross state lines." *Valdez,* 941 P.2d at 148. Until 1995, when the Alaska

Legislature repealed URESA and replaced it with the Uniform Interstate Family Support Act (UIFSA), AS 25.25.101—25.25.903, URESA was the controlling law regarding support orders in Alaska.[1]

Pursuant to former AS 25.27.020(a)(2)(C)[2] and AS 25.27.025,[3] CSED charged Donald interest on his support arrearage. A CSED Audit Worksheet showed that, as of December 1996, Donald owed CSED $23,284.31 in support arrearage. This amount included accrued interest. This is the amount that CSED moved the superior court to reduce to a judgment. In accordance with former AS 25.27.020(a)(2)(C), CSED notified Donald in 1991 that he was being charged interest on support payments more than ten days past due.[4] Therefore, CSED met the statutory requirements (set out in former AS 25.27.020(a)(2)(C) and AS 25.27.025) for charging Donald interest on his support arrearage.

1. *Under URESA, CSED is entitled to collect $6,497.18 in interest from Donald.*

a. *Washington's recalculation of the child support owed by Donald and agreement with him to pay $200 per month did not supersede Alaska's support order.*

When OSE informed Donald that he owed $16,787.13 in child support arrearage and arranged for him to pay $200 per month in support, it was acting contrary to CSED's mandatory policy of charging interest on sup-

1. Because we conclude that CSED is entitled to collect $6,497.18 in interest from Donald under either URESA or UIFSA, we need not decide which statute is controlling.

2. Former AS 25.27.020(a)(2)(C) provides in part:
   (a) The agency shall
   ....
   (2) adopt regulations ... that establish
   ....
   (C) subject to AS 25.27.025 and to federal law, a uniform rate of interest on arrearages of support that shall be charged the obligor upon notice if child support payments are 10 or more days overdue or if payment is made by a check backed by insufficient funds....

This subsection was renumbered AS 25.27.020(a)(2)(B) in 1997, after the superior court ruled in this case.

3. AS 25.27.025 provides: "The rate of interest imposed under AS 25.27.020(a)(2)(C) shall be six percent a year or a lesser rate that is the maximum rate of interest permitted to be imposed under federal law." This statute was amended in 1997 to reflect that AS 25.27.020(a)(2)(C) was changed to 25.27.020(a)(2)(B).

4. "The payment records in your file establish that your payments toward that support debt are presently owing in the amount of $528.76 including penalty and interest computed to date in accordance with (AS 25.27.020(a)(2)(C)) and interest on any judgment amount."

port arrearage. *See* former AS 25.27.020(a)(2)(C) (providing that CSED "shall" charge interest on child support payments more than ten days overdue). CSED argues that "the Washington child support agency's calculation of Mr. Delaney's child support debt does not affect the child support order and is not binding in Alaska. The Washington agency was simply enforcing the Alaska order." CSED cites our holding in *Valdez* in support of its argument.

In *Valdez*, CSED appealed the superior court's conclusions that it was barred from collecting arrearages from Valdez and that a California support order superseded a support order in an Alaska divorce decree. *See Valdez*, 941 P.2d at 146. We held that the superior court had erred on both issues. *See id.* at 154.

In 1983 Valdez was ordered by an Alaska divorce decree to pay $400 per month in child support. *See id.* at 146. Valdez then moved to California. *See id.* In 1984 the California superior court, responding to a URESA petition filed by CSED,[5] approved a stipulation that required Valdez "to pay $250 per month with an additional $25 toward arrearages." *Id.* at 147–48. In 1994 Valdez's ex-wife filed a petition in the Alaska superior court to increase Valdez's support payments. *See id.* at 147. The modification was granted. *See id.* Later, the Alaska superior court, in response to Valdez's Motion to Clarify Amount of Child Support Arrearages, ordered that

> child support amounts assessed against Mr. Valdez shall be $400 through July 31, 1984. From August 1, 1984 to the present, absent no other court orders in evidence, the amount of child support assessed shall be $250 per month.... This court and CSED are bound by the United States Constitution to give *full faith and credit* to judgments and orders of other states.

*Id.* Both parties appealed.

On appeal this court identified the issue in *Valdez* as the "effect which a new support order entered by a responding state court has on a support order previously entered by the initiating state." *Id.* at 148. We held that section 30 of URESA and section 31 of the Revised Uniform Reciprocal Enforcement of Support Act (RURESA) mean that "[a] responding court may order the payment of an amount differing from an earlier order entered by the initiating state. However, such an order modifies, nullifies, or supersedes an earlier order *only* when the responding court so specifies. Otherwise, the original order of support remains *fully enforceable*." *Id.* at 149. We stated that "an interpretation that gives deference to the original, unmodified order of support correlates with the intent of URESA—to aid in the *enforcement* of support obligations when parents travel to new jurisdictions." *Id.* at 150.

■ CSED argues that "[i]f, under *Valdez* an order issued by a Washington tribunal has no affect on an Alaska support order, then certainly the manner in which the Washington agency calculated and enforced Mr. Delaney's debt under an Alaskan order can have no effect." We agree. Pursuant to *Valdez*, OSE's calculation (which did not include interest) has no effect on the original Alaska support order, which included interest.

Washington's OSE assisted CSED by collecting some support payments from Donald[6] and by sending him a Notice to Resume Child Support Payments (Notice). The Notice calculated Donald's support arrears as totaling $16,787.13. Since we held in *Valdez* that a court order that did not specify that it was modifying, nullifying, or superseding the original support order could not affect the original order to pay support, OSE's Notice can have no effect on Alaska's support order, which states that interest will be charged on any support payments more than ten days overdue. *See Valdez*, 941 P.2d at 149.

The Notice sent by OSE was not a court order, nor did it specify that it modified,

---

5. "Alaska served as an 'initiating state' in 1984 by forwarding a URESA petition to California, the state to which [Valdez] had moved. Upon receipt of the petition, California, the 'responding state,' had several options, including establishing a new support order or enforcing an existing support order." *State v. Valdez*, 941 P.2d 144, 148 (Alaska 1997) (citations omitted).

6. CSED credited Donald for all of the support payments he made to OSE.

nullified, or superseded Alaska's support order. The notice stated:

> On or about 02/01/93 the Office of Support Enforcement (OSE) stopped enforcing the current support requirement of your child support order. The child support order covered the following children: Donald B. Delaney.
>
> OSE is now enforcing your child support order for the children listed above.
>
> . . . .
>
> You must pay a past-due child support debt of $16787.13 . . . .

While OSE's Notice stated that it was no longer enforcing the original support order, it did not specifically state that the Notice (fixing the amount owed at $16,787.13) was meant to modify, supersede, or nullify the amount or terms of the original support order. Rather, the Notice was informing Donald that OSE would not be attempting to collect the individual child support *payments,* as required under the support order, but rather would be seeking to collect the total amount of child support payment that was in arrears, i.e., $16,787.13. The Notice did not state that OSE was choosing to not enforce Alaska's mandatory policy of charging interest on past due child support payments. Furthermore, the Notice stated: "Your child support obligation continues as long as your child support order remains in effect. The source for your support obligation is: . . . A state or tribal court order entered on 11/02/90." More important than OSE's failure to specifically mention that it was modifying the support order by choosing to not charge interest is the fact that the Notice was merely a letter from a Washington agency, not a court order as in *Valdez.* We conclude that OSE's Notice was insufficient to eliminate the provision of the original support order requiring Donald to pay interest.

Former AS 25.25.060 might have made Washington law applicable with respect to Donald's duty to pay interest on late support payments, had the original child support order been modified. But the Alaska decree was not modified and it plainly calls for interest on unpaid arrearages. It follows that whether under Washington law interest is due on unpaid arrearages is irrelevant. Furthermore, even if Washington law was applicable to the case at hand, the provision in Alaska's order requiring payment of interest on support payments is compatible with existing Washington law.

We conclude that under URESA CSED may collect $6,497.18 in interest from Donald.

### 2. *Under UIFSA, CSED is entitled to collect $6,497.18 in interest from Donald.*

UIFSA, as adopted by the Alaska legislature in 1995, specifically provides that "[a] tribunal of this state issuing a support order consistent with the law of this state has continuing, exclusive jurisdiction over a child support order." AS 25.25.205(a). Furthermore, "[t]he law of the issuing state governs the nature, extent, amount, and duration of current payments and other obligations of support and the payment of arrearages under the order." AS 25.25.604. Alaska loses exclusive jurisdiction over a child support order only if another state modifies the support order. *See* AS 25.25.205(c).

In the instant case, Alaska is the issuing state [7] and Washington the responding state.[8] Alaska thus retains exclusive jurisdiction over the support order as long as Washington has not modified it. UIFSA's choice of law provision provides that Alaska's exclusive jurisdiction extends to the "amount and . . . other obligations of support and the payment of arrearages under the order." AS 25.25.604. Unless Washington modified the support order, CSED was entitled to collect from Donald interest on his support arrearage.

---

**7.** " '[I]ssuing state' means the state in which a tribunal issues a support order or renders a judgment determining parentage." AS 25.25.101(9).

**8.** " '[R]esponding state' means a state in which a proceeding is forwarded under this chapter or a law substantially similar to this chapter, the former provisions of this chapter, the Uniform Reciprocal Enforcement of Support Act, or the Revised Uniform Reciprocal Enforcement of Support Act." AS 25.25.101(16).

Pursuant to UIFSA, a petitioner must meet the following three requirements to enable a Washington court to modify the Alaska support order:

(A) the child, the individual obligee, and the obligor do not reside in [Alaska];

(B) a petitioner who is not a resident of [Alaska] seeks modification; and

(C) the respondent is subject to the personal jurisdiction of the tribunal of the [modifying state, Washington].

AS 25.25.611(a)(1)(A)-(C).[9] Donald's child still resides in Alaska, the issuing state; thus, Washington could not have modified the support order. We conclude that Alaska retained exclusive jurisdiction over the Support Order and that, under UIFSA, CSED was entitled to collect interest from Donald.

## IV. CONCLUSION

We REVERSE the superior court's order reducing Donald's child support arrears to a judgment for $16,787.13 and REMAND with instructions that it amend the judgment to include $6,497.18 in interest, thus increasing Donald's obligation to a total of $23,284.31.

9. Washington has also adopted UIFSA. Specifically, RCW 26.21.580 sets out the same three requirements that a petitioner must satisfy to enable a Washington court to modify another state's support order.