## S02A1215. ELEAZER v. ELEAZER.
### (569 SE2d 521)

HUNSTEIN, Justice.

We granted appellant Reginald Eleazer's application for a discretionary appeal in this divorce action to determine whether the trial court's failure to make the written findings required by OCGA § 19-6-15 (a) for child support awards was reversible error. Because written findings are required under OCGA § 19-6-15 (a), we vacate the trial court's child support award and remand the case to the trial court.

Reginald and Sonya Eleazer were divorced in August 2001 after a bench trial. The final judgment awarded Sonya legal and physical custody of the parties' two minor children and directed Reginald to pay child support in the amount of $2,500 per month for each of their two children. The final judgment did not include written findings as to the parties' gross incomes, calculations as to the application of the statutory child support guidelines, or written findings as to the spe-

cial circumstances justifying departure from the guidelines' applicable range. Reginald contends that the trial court erred by failing to enter written findings of the parties' gross incomes and the presence or absence of special circumstances concerning the child support award in accordance with OCGA § 19-6-15 (a).

OCGA § 19-6-15 (a) requires that a decree awarding child support "include a written finding of the gross income of the father and the mother and the presence or absence of special circumstances in accordance with subsection (c) of this Code section." OCGA § 19-6-15 (c) authorizes a departure from the range of child support award established by the guidelines "upon a written finding that the presence of one or more of the [enumerated] special circumstances makes the presumptive amount of support either excessive or inadequate . . . ." Here, the trial court awarded child support without making the required written findings as to the parties' gross incomes and without making written findings of the presence or absence of special circumstances justifying a departure from the guidelines' applicable range. Accordingly, the child support award is vacated and the case remanded to the trial court with direction that an order consistent with the requirements of OCGA § 19-6-15 be entered. See *Urquhart v. Urquhart*, 272 Ga. 548 (2) (533 SE2d 80) (2000).

*Judgment vacated and case remanded. All the Justices concur.*

DECIDED SEPTEMBER 16, 2002.

*Daryl G. Lecroy*, for appellant.
*Clabron A. Powell*, for appellee.