S03A0663. SWANSON v. SWANSON.
(580 SE2d 526)

HUNSTEIN, Justice.

Appellant Scott Swanson (Husband) and appellee Tammy Swanson (Wife) are involved in a pending divorce action. In June 2002, their case was referred to the Cobb County Superior Court's Alternative Dispute Resolution Program. As participants in this program, they attended a mediated settlement conference which concluded when both parties signed a three-page handwritten settlement agreement providing, inter alia: "[Wife] does not pay child support. Intent that [Wife] would take lesser amount of alimony in lieu of [Husband paying] child support." Less than one month later Husband notified Wife that he did not intend to abide by the settlement agreement because the agreement's child support provision waives child support contrary to Georgia law. Wife thereafter filed a motion to enforce the settlement agreement, which the trial court granted in an order making the mediated settlement agreement the order of the court. The trial court certified its decision for immediate review, see OCGA § 5-6-34 (b), and we granted Husband's application for inter-

locutory appeal to determine whether the parties' settlement agreement improperly waives the child's right to child support. Finding that it does, we reverse.

1. It is well-established that the right to child support belongs to the child and cannot be waived by agreement of the parents. *Worthington v. Worthington*, 250 Ga. 730 (1) (301 SE2d 44) (1983); *Livsey v. Livsey*, 229 Ga. 368 (191 SE2d 859) (1972). In this case, the trial court found that the settlement agreement was freely and voluntarily entered into and, without more, made it the order of the court, thus incorporating both that part of the settlement agreement establishing the amount of child support to be paid by Husband and Wife's waiver of a portion of child support in order to augment the amount of alimony she would receive. Under the law of *Livsey*, however, the challenged language constitutes an improper waiver of child support by the custodial parent and renders the agreement void. See id.; *Crosby v. Crosby*, 249 Ga. 569, 570 (292 SE2d 814) (1982) (holding invalid agreement not to seek modification of child support); *Quarles v. Quarles*, 237 Ga. 703, 704 (229 SE2d 452) (1976) (agreement to transfer title to business in lieu of child support is void). Accordingly, the trial court's order must be reversed and the case is remanded to the trial court.

Trial courts are reminded that should parties enter into a settlement agreement, mediated or otherwise, which includes an award of child support, courts remain obligated to consider whether the child support award is sufficient based on the needs of the child and the non-custodial parent's ability to pay. See *Pearson v. Pearson*, 265 Ga. 100 (454 SE2d 124) (1995); *Arrington v. Arrington*, 261 Ga. 547 (407 SE2d 758) (1991). The child support guidelines are mandatory and must be considered by a trier of fact setting the amount of child support. *Franz v. Franz*, 268 Ga. 465 (1) (490 SE2d 377) (1997). Moreover, when determining whether to incorporate a settlement agreement into the final verdict or decree, courts are required to make specific written findings as to the gross income of Husband and Wife and the presence or absence of special circumstances justifying a departure from the percentages set out in the child support guidelines. See OCGA § 19-6-15 (a); *Pearson*, supra, 265 Ga. at 101.

2. Because of our holding in the first division, we need not reach Husband's remaining enumerations of error in which he challenges on other grounds the validity of the mediated settlement agreement.

*Judgment reversed and remanded. All the Justices concur, except Hines, J., who concurs in Division 2 and in the judgment.*

DECIDED MAY 5, 2003.

*Mary A. Stearns-Montgomery, Mary C. Wolf*, for appellant.
*Gore, Lee & Curry, Robert S. Lee*, for appellee.