## S03F1111. ESSER v. ESSER.
(586 SE2d 627)

HUNSTEIN, Justice.

The parties were divorced in January 2003 by a final decree incorporating their mediated settlement agreement. The settlement agreement provides, in pertinent part, that Husband will pay child support in the amount of $28,000 and that he will discharge his child support obligation by offsetting the amount Wife owed to Husband for his equitable interest in the marital home. Before the final decree was entered, however, Wife hired new counsel and filed a motion to set aside the agreement arguing that the child support provision improperly allows Husband to avoid his child support obligation by substituting an award of equity in real property for periodic support. Husband filed a motion seeking to enforce the mediated agreement. After a hearing, the trial court granted Husband's motion and entered a final decree incorporating the mediated settlement agreement. Wife thereafter filed an application for discretionary appeal which we granted to determine whether the child support provision in the final decree constitutes a valid award of child support under OCGA § 19-6-15.

The guidelines for computing the amount of child support are found in OCGA § 19-6-15 and must be considered by any court setting child support. *Bradley v. Bradley*, 270 Ga. 488 (2) (512 SE2d 248) (1999). Where the parties agree to the amount of child support and the form in which it will be paid, the trial court remains obligated to review the child support award to determine whether such support is sufficient based on the child's needs and the parent's ability to pay. *Swanson v. Swanson*, 276 Ga. 566 (1) (580 SE2d 526) (2003); *Arrington v. Arrington*, 261 Ga. 547 (407 SE2d 758) (1991). In making such determination, the trial court "is not bound by an agreement between the parties regarding child support nor is its obligation satisfied by simply adopting that agreement." Id. The final decree must, inter alia, specify in what amount and in what manner the children are to receive support and provide specific written findings of the gross income of the parents and the presence or absence of special circumstances authorizing a deviation, if any, from the guideline percentages. OCGA § 19-6-15 (a). See *Eleazer v. Eleazer*, 275 Ga. 482 (569 SE2d 521) (2002).

In compliance with OCGA § 19-6-15, the trial court must first calculate the amount of child support presumed to be sufficient by applying the applicable percentages to the parent's gross income. OCGA § 19-6-15 (b) (5). Only then is it authorized to deviate from the guidelines and vary the final award either in amount or form. OCGA § 19-6-15 (c). This procedure must be followed even where, as here, the parties have agreed between themselves to an award of child sup-

port and have presented that agreement to the trial court for approval. *Swanson*, supra, 276 Ga. at 567. After the court has made the required calculations, it may properly direct a parent to provide child support in a lump sum or to provide other forms of support, either direct or indirect, for the benefit of the children as "required by the ends of justice." OCGA § 19-6-15 (c) (18). See *Arrington*, supra, 261 Ga. at 547 (permitting lump sum child support); OCGA § 19-6-15 (c) (9) (authorizing deviation based on "other support" party will provide, such as mortgage payment); OCGA § 19-6-15 (c) (16) (authorizing deviation where party directed to pay cost of accident and sickness insurance coverage); OCGA § 19-6-34 (a) (authorizing trier of fact to include as child support the provision of life insurance for benefit of minor child); *Scherberger v. Scherberger*, 260 Ga. 635 (1) (398 SE2d 363) (1990) (requirement that husband provide home for children is in nature of child support); *Laney v. Winkles*, 255 Ga. 709 (341 SE2d 854) (1986) (requirement that husband make mortgage payments until child reaches majority is child support obligation). Accord *Ehlers v. Ehlers*, 264 Ga. 668 (2) (449 SE2d 840) (1994) (indirect costs paid by obligor can be considered to vary the final award of child support).

Although the guidelines do not themselves expressly contemplate the payment of child support in the form of real property, neither do they expressly prohibit it. See id. at 669 (2). In this regard, we have held that a trier of fact may not award a parent's real property to a child, even as child support, *Clark v. Clark*, 228 Ga. 838, 840 (188 SE2d 487) (1972), but we have approved of an order directing a parent to place real property in a trust for the benefit and support of his child during the child's minority and have upheld provisions agreed upon by the parties in which child support obligations are indirectly satisfied, such as by transferring title to real property or providing a home for a party's minor children. See *Aycock v. Aycock*, 251 Ga. 104 (2) (303 SE2d 456) (1983); *Collins v. Collins*, 231 Ga. 683 (3) (203 SE2d 524) (1974), reversed on other grounds, *Doyal Development Co. v. Blair*, 234 Ga. 261 (215 SE2d 471) (1975); *McGill v. McGill*, 247 Ga. 428 (276 SE2d 587) (1981) (parents by agreement may provide for transfer of real property for benefit of children); *Vereen v. Arp*, 237 Ga. 241 (2) (227 SE2d 331) (1976) (husband agreed to provide home for children during their minority as part of support obligation).

Unlike the child support awards in these cases, however, in the settlement agreement executed by the parties to this appeal Husband did not expressly agree to exchange his equity in the marital home for the support obligation due the child. Although such a transfer could serve to support the child by providing a home during the child's minority, the agreement did not cast the transfer in these

terms. Instead, Husband and Wife agreed Husband would pay $28,000 to Wife in lump sum child support and that the $28,000 lump sum child support will be "calculated into [Wife's] share of house (Deducted from [Husband's] share)," i.e., that Husband would fulfill his child support obligation by offsetting the amount he owed Wife in child support against his interest in the marital home.

While there may be circumstances under which a trial court could fashion such an agreement into a proper child support award, with appropriate safeguards to both provide for the adequate support for the child and insure compliance with OCGA § 19-6-15, that was not accomplished in this case. The trial court's order does little more than adopt the parties' settlement agreement. It fails to include written findings as to the parties' gross incomes, calculations as to the application of the statutory child support guidelines, and the presence of special circumstances justifying the trial court's departure from the guidelines. Such an award is improper under OCGA § 19-6-15. See *Ehlers*, supra, 264 Ga. at 669 (1).

Accordingly, we find that the final decree did not make a valid child support award and reverse and remand the case to the trial court with direction that an order consistent with the requirements of OCGA § 19-6-15 be entered. See *Eleazer*, supra, 275 Ga. at 483.

*Judgment reversed and remanded with direction. All the Justices concur.*

DECIDED SEPTEMBER 15, 2003.

*Thomas F. Tierney, James F. Baker*, for appellant.
*Benjamin F. Windham*, for appellee.