

## NUMBER 13-08-00535-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MICHELLE ROXANNE FOSTER,** **Appellant,**

**v.**

**ERNEST ALEJANDRE,** **Appellee.**

---

### On appeal from the 105th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Benavides
### Memorandum Opinion by Justice Rodriguez

Appellant Michelle Roxanne Foster appeals the order of the trial court directing appellee Ernest Alejandre to pay monthly child support.[1] By two issues, Foster complains that the trial court erred in (1) its calculation of Alejandre's net income because the court

---

[1] This case was transferred from the 105th District Court to the 94th District Court of Nueces County, Texas. The style of all of the pleadings and other court documents state that the case was situated in the 105th Court. However, the hearings were held before District Judge Bobby Galvan in the 94th Court, and Judge Galvan entered both the findings of fact and conclusions of law and the order modifying child support.

deducted from Alejandre's gross income self-employment social security and federal income taxes, despite Alejandre's admission that he paid neither, and (2) in using the Office of Attorney General Tax Charts to determine Alejandre's net available resources. We affirm.

## BACKGROUND

On September 5, 2007, the Office of the Attorney General filed a motion to modify child support and confirm support arrearage on behalf of the children of Foster and Alejandre. An associate judge held a hearing on the motion on January 24, 2008. On January 29, 2008, in a notice of de novo hearing request to the district court, Foster challenged the findings and conclusions of the associate judge regarding Alejandre's gross and net income and calculation of child support. The district court held two hearings on Foster's de novo appeal.

On July 2, 2008, the court entered the following findings of fact and conclusions of law: (1) Alejandre's gross monthly income is $3,000.00; (2) based on chapter 154 of the family code and the Texas Attorney General's tax chart for self-employed persons, Alejandre's net monthly income is $2,462.48; and (3) even though Alejandre had testified that he had not paid income taxes, social security taxes, or Medicaid taxes, he was entitled to a credit for those items in computing his net monthly income. On August 19, 2008, the court entered an order modifying child support; it set Alejandre's net monthly income at $2,462.48 and ordered Alejandre to pay Foster $396.06 per month in child support. This appeal ensued.

## STANDARD OF REVIEW & APPLICABLE LAW

We review a trial court's order regarding child support for abuse of discretion. *Office of the Att'y Gen. v. Buhrle*, 210 S.W.3d 714, 717 (Tex. App.–Corpus Christi 2006, pet. denied) (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990)). We will not overturn the order unless the trial court acted arbitrarily or unreasonably or "without reference to any guiding rules or principles." *Id*. If a trial court fails to "analyze or apply the law correctly," it has abused its discretion. *Id*.

Monthly child support obligations are calculated based on the obligor's net available resources. *See* TEX. FAM. CODE ANN. § 154.061 (Vernon 2008)*; Wilemon v. Wilemon*, 930 S.W.2d 290, 293 (Tex. App.–Waco 1996, no writ). The trial "court *shall* deduct the following items from resources to determine the net resources available for child support: (1) social security taxes; [and] (2) federal income tax based on the tax rate for a single person claiming one personal exemption and the standard deduction . . . ." TEX. FAM. CODE ANN. § 154.062(d)(1)-(2) (Vernon 2008) (emphasis added). In determining the correct deductions to be made from a self-employed obligor's gross resources, the trial court may consult the Office of the Attorney General Tax Charts, promulgated pursuant to section 154.061 of the family code. *See id*. at § 154.061(b).

DISCUSSION

By two issues, Foster challenges the trial court's child support order because the court deducted Alejandre's self-employment social security and federal income taxes from his gross income and used the Office of the Attorney General Tax Charts to determine Alejandre's net available resources. Foster contends that, because Alejandre admitted that he did not pay those taxes, it was improper for the court to deduct them from the gross income amount in arriving at the net income used for the child support calculation.

Foster provides no authority, and we find none, for her argument that section 154.062(d) does not apply when the obligor does not pay his taxes. Rather, the mandate of section 154.062(d) is quite clear. Section 154.062(d) directs the trial court to deduct both social security and federal income taxes from the obligor's resources in determining the net available resources for child support. *See* TEX. FAM. CODE ANN. § 154.062(d)(1)-(2) (stating that the court "shall" deduct social security and federal income taxes from the obligor's gross resources). The statute makes no exception for obligors who do not pay their taxes. Thus, the trial court here properly applied the law when it deducted social security and federal income taxes from Alejandre's gross monthly income. *See In re Grossnickle*, 115 S.W.3d 238, 249 (Tex. App.–Texarkana 2003, no pet.) (strictly applying section 154.062(d) in concluding that the trial court had failed to deduct social security taxes from the obligor's gross income). Moreover, the court was acting according to guiding rules and principles when it used the Office of the Attorney General Tax Charts to calculate Alejandre's net monthly income. *See* TEX. FAM. CODE ANN. § 154.061. We, therefore, cannot conclude that the trial court abused its discretion, and we overrule Foster's first and second issues. *See Buhrle*, 210 S.W.3d at 717.

## CONCLUSION

The order of the trial court is affirmed.

NELDA V. RODRIGUEZ
Justice

Memorandum Opinion delivered and
filed this 30th day of July, 2009.

4