

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00329-CV

IN THE INTEREST OF A.W.D., A CHILD

On Appeal from the 46th District Court
Wilbarger County, Texas
Trial Court No. 25,556, Honorable Dan Mike Bird, Presiding

July 23, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Through three issues, appellant Otis W. Dupre challenges an order confirming registration in Texas of a Kentucky child support order. We will affirm.

Background

On March 25, 2003, a Kentucky circuit court signed a divorce decree in the marriage of Dupre and D.M.S. According to the decree, they are the parents of A.W.D. The decree ordered Dupre to pay $100 a month in child support.

Appellee, the Office of the Attorney General of Texas, sought registration of the Kentucky support order in Texas under the Uniform Interstate Family Support Act

(UIFSA).[1]  Dupre contested registration on the ground that he was not subject to the personal jurisdiction of the Kentucky circuit court when it rendered the support order. After a hearing, an associate judge denied registration in Texas.  The Attorney General appealed the decision to the district court which conducted a trial de novo.  The district court ordered the Kentucky decree "is hereby registered in the State of Texas."  This appeal followed.

Analysis

We will review the trial court's ruling for an abuse of discretion.  *Office of the Atty. Gen. v. Buhrle,* 210 S.W.3d 714, 717 (Tex. App.—Corpus Christi 2006, pet. denied), (citing *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex. 1990) (per curiam)).  A trial court abuses its discretion if it acts without reference to any guiding rules or principles; in other words, if it acts arbitrarily or unreasonably.  *Id.*  A trial court's failure to analyze or apply the law correctly also constitutes an abuse of discretion.  *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

Through his first and second issues, Dupre contends the Kentucky court's support order is void and not entitled to registration in Texas because he was not notified of the Kentucky divorce action and had no contacts with the state, and was thus not subject to the personal jurisdiction of the Kentucky court.

---

[1] UIFSA, codified in Texas as Chapter 159 of the Family Code, provides for registration and enforcement of a foreign support order or income-withholding order. TEX. FAM. CODE ANN. §§ 159.001-159.901 (West 2014).  In this opinion, unless otherwise indicated, further references to statutory sections will be to sections of the Family Code.

The Attorney General counters that Dupre waived the jurisdictional defense to registration by not timely responding when notified of the registration of the Kentucky support order. The record reflects that the Kentucky order was filed in the trial court in July 2010 and that Dupre was notified of its registration later that month. He did not file a request for a hearing within 20 days after notice. *See* § 159.606 (requiring nonregistering party seeking to contest validity of registered order to request a hearing within 20 days after notice of the registration, and providing the registered order "is confirmed by operation of law" if the nonregistering party fails to contest its validity "in a timely manner").

In support of his contention the Kentucky support order cannot be registered, Dupre points to language in section 159.603, entitled "effect of registration for enforcement." Subsection (c) of section 159.603 reads: "Except as otherwise provided in this subchapter, a tribunal of this state shall recognize and enforce, but may not modify, a registered order if the issuing tribunal had jurisdiction." Dupre sees the language "if the issuing tribunal had jurisdiction" as conditioning the Texas court's power to recognize or enforce the foreign support order. Under his argument, it is irrelevant whether he timely complied with the contest procedures under sections 159.606 and 159.607. As he sees it, because the Kentucky court lacked personal jurisdiction over him when it entered the support order, the Texas court can in no event recognize or enforce the order.

Applying the plain and specific language of the statute, we must reject Dupre's argument. *See Molinet v. Kimbrell,* 356 S.W.3d 407, 411 (Tex. 2011) ("Our primary objective in construing statutes is to give effect to the Legislature's intent. The plain

3

meaning of the text is the best expression of legislative intent unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results" (citations omitted)). Section 159.607(a)(1) specifically provides that a party contesting the validity or enforcement of a registered order on the ground the issuing tribunal lacked personal jurisdiction over him has the burden of proving the lack of jurisdiction as a defense. And section 159.606 explicitly ties the assertion of defenses under section 159.607 to the contest procedures, including the requirement to request a hearing within 20 days after notice of registration. Whatever the meaning of the reference to the issuing tribunal's "jurisdiction" in subsection 159.603(c), a question we need not consider further, we cannot agree the language of that subsection permits us to ignore the statute's requirements directly applicable to the defense Dupre sought to assert in the Texas court. We find instead the trial court was correct to apply the requirements of sections 159.606 and 159.607 as written. *See Glass v. Williamson*, 137 S.W.3d 114, 119 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *In re Kuykendall*, 957 S.W.2d 907, 908-09 (Tex. App.—Texarkana 1997, no pet.) (both applying 20-day hearing request requirement); *see also Arnell v. Arnell*, 416 S.W.3d 188, 194 (Tex. App.—Dallas 2013, no pet.) (applying requirement of section 159.607 that contesting party bears burden of proving defenses).

In a reply brief, Dupre suggests that the foreign support order registration process violates due process and is unconstitutional if it prohibits him from challenging the order entered by a Kentucky court that lacked personal jurisdiction over him.[2]

---

[2] Sections 159.606 and 159.607 permitted Dupre to litigate in the Texas court his contention the Kentucky court lacked personal jurisdiction over him, but placed procedural conditions and limitations on his ability to do so, among them the

4

Because no constitutional claim was raised in the trial court, we will not address it here. *See In re B.L.D.,* 113 S.W.3d 340, 349-50 (Tex. 2003); *Texas Dep't of Protective & Regulatory Servs. v. Sherry,* 46 S.W.3d 857, 861 (Tex. 2001); *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993).

Dupre's first and second issues are overruled.

By his third issue, Dupre contends the attorney general is not authorized to issue an administrative writ of withholding for the enforcement of the Kentucky child support order.[3] The order on appeal before us is the district court's order confirming registration of the Kentucky order. The district court's order does not speak to an administrative writ of withholding. Assuming, arguendo, that the Attorney General as a Title IV-D agency issued such a writ,[4] we have no record of the trial court denying a contest by Dupre of an administrative writ of withholding. Accordingly, we overrule Dupre's third issue. *See* § 158.506. *Cf. In the Interest of A.C.B.,* 103 S.W.3d 570, 574 (Tex. App.—San Antonio 2003, no pet.) (finding it unnecessary to address issues of exhaustion of administrative

---

requirement to request a hearing within 20 days. Thus, logically, Dupre's suggestion he has been deprived of due process more precisely is an assertion he has a constitutional right to litigate his objections to the Kentucky court's exercise of jurisdiction over him, in Texas and without regard to the procedural limitations imposed by sections 159.606 and 159.607. *See* John J. Sampson, Harry L. Tindall, et al., Sampson & Tindall's Texas Family Code Annotated § 159.606 Commissioners' Comment (West 2013) (stating that subsection 159.606(b) "precludes an untimely contest of a registered support order," but stating also that "the nonregistering party is free to seek redress in the issuing State from the tribunal with continuing, exclusive jurisdiction over the support order").

[3] *See generally* Tex. Fam. Code Ann. Chapter 158, Subchapter F (West 2014) (entitled "Administrative Writ of Withholding").

[4] During trial de novo, an assistant attorney general explained to the court, "[o]nce we received the order, what happened was we garnished his disability based on the fact it was registered."

remedies and whether § 158.506 provides the exclusive method for challenging an administrative writ of withholding).

Conclusion

We affirm the order of the trial court.


James T. Campbell
Justice